People v. Harris, 5A, 16A, 0, 5, 1, 3. 7. 6. 7. 6. 6. 6. 6. 6. 6. 0. 7. 7. 7. 7. Counsel, My name is Jennifer Lassie and I represent the defendant, Appellant Mr. Otis Harris. The only issue here is whether Mr. Harris made a knowing waiver of his right to counsel. He did not. A defendant's choice to waive the right to counsel is a serious one. Illinois Supreme Court Rule 401 ensures that defendants understand certain key facts prior to waiving counsel so that there is no doubt that they understood the importance of their undertaking when they waive counsel. Rule 401 requires a trial court to admonish a defendant regarding the nature of the charges against him, the minimum and maximum sentence, and whether consecutive sentences will be imposed, and that he has a right to counsel. Here the trial court failed to comply with the rule. Now, trial courts do not have to strictly comply with Rule 401, but they must at least substantially comply with the rule. Substantial compliance may be sufficient if the waiver was knowingly, intelligently, and voluntarily made, and if the defendant was not prejudiced by the faulty admonishments. Here, we do not have substantial compliance and Mr. Harris was prejudiced by the faulty admonishments. Now, Mr. Harris was prejudiced here because the lengthiest term of years that he was warned about was a term of 45 years, and because of consecutive sentencing, he was given 50 This case is very similar to People v. Bars, the Fourth District case cited in the briefing. In that case, before waiving counsel, Bars was admonished that he could get up to 30 years for an aggravated DUI and up to three years on a separate charge, but the court failed to tell him that they could be imposed consecutively. Ultimately, consecutive sentences were given, and he received a total of 33 years. The appellate court held that the trial court failed to warn him of the true maximum penalty and failed to comply with Rule 401 and reversed. Now, substantial compliance means that a defendant was either told the information that was omitted at the time of the waiver, or that his degree of legal sophistication made it evident that he was aware of the omitted information. Now, the State concedes that Mr. Harris was not a legally sophisticated defendant. He was a 24-year-old man who had dropped out in the ninth grade and had never before represented himself. Now, on page 3 of the State's brief, it concedes the major points that justify reversal in this case. The State says, and I quote, Prior to accepting defendant's waiver of his right to counsel, the trial court did not specifically inform the defendant that he could be sentenced consecutively on his various Class X felonies until July 22, 2016. It's important to note here that his waiver of his right to counsel occurred a month and a half before he was told about consecutive sentences. The State also concedes, nor is there any evidence in the record that the trial court provided a specific admonition done in open court regarding defendant's right to have counsel prior to allowing defendant to proceed pro se. Based on these concessions, it's clear that the trial court did not comply with Rule 401. Yet, the State spends the rest of its brief repeatedly asking this court to find that Mr. Harris should have inferred information that Rule 401 requires to be explicitly stated. The State cites not a single case to support that proposition. Now, the largest term of years here that Mr. Harris was warned about was 45. Though the trial court mentioned other terms for other offenses, it never told him before his waiver of his right to counsel that he could get consecutive sentences, and he did get consecutive sentences. The court also failed to tell him about the right to counsel. Again, though the State cites the transcripts from the July 22 hearing to argue compliance with Rule 401 occurred, the statements made by the trial court at that hearing are entirely irrelevant, where they occurred almost two months after Mr. Harris' waiver of his right to counsel. The only way those statements at that July 22 hearing could amount to compliance with Rule 401 would be if the trial court at that July hearing admonished Mr. Harris as required by Rule 401 and then asked him if he still wished to waive counsel. That did not occur at that July hearing. Because Mr. Harris' waiver of his right to counsel was not a knowing and intelligent waiver, he would respectfully ask that this court reverse his convictions and remain for a new trial. Does your office have any questions? May it please the Court, counsel. Jessica Buck for the State. And opposing counsel misconstrues what I – what the State supposedly conceded. We conceded that the judge didn't use the precise terminology used by the State in the   waiver. However, it's our position that the judge just substantially complied because from the record in its entirety, the waiver was knowing and voluntary. The defendant was aware of the nature of the rights that he was waiving and the consequences and the admonishment did not prejudice his rights. I want to first just address the charge of the possession of a stolen vehicle. When the judge on June 6th listed out all the various charges, he did not include that one charge. However, a month prior on the May 5th court date, the judge did include that when the defendant waived his right to jury trial. The judge laid out that. So it is part of the record. It's part of the record from a month prior to the waiver of his right to counsel. With regard to the sentencing range... Doesn't the rule say it has to be at the time of the waiver of counsel? The rule does say that, but the court substantially complied. It says that he has to be aware of all the charges he's facing. He listed, I believe it was, seven or so of the eight, but the defendant was aware of the nature of the charges because he was told about them the month before. I would like to direct your attention to the Bars case. I really don't understand your argument that Bars is distinguished. So would you explain your argument about Bars? The difference between the outcome in Bars and as it pertains to the sentencing range? Well, Bars was 30 and he got... Yes, Your Honor. So how is that case different than this case? It's our position that that case is distinguishable because in the instant case, the trial court mentioned that you are facing a term of 45 years on just one, but you're liable for being sentenced to multiple cases. I'm trying to find... That was on page 48 when the judge said, some of these charges you're looking at 45 if we can convict you on just one, meaning there's more charges, you're subject to those separately. On page 45 of the record, the trial court said he's facing substantial time if he's convicted of just one of these and you have numerous charges. The trial court did not specifically say, as in Bars, where the trial court was supposed to say, this is consecutive sentencing and you can be sentenced on these separately. The trial court said this is the max, 30 years is the max. Whereas in this case, the trial court said you're facing 45 on one, but you've got more charges you're facing. He also told him, the trial court told the defendant, you could spend the rest of your life in prison if you mess up your defense. That was on page 50 of the record. The trial court, recognizing the defendant did not have a high degree of education as he quit school in ninth grade, was trying to explain what consecutive sentencing meant on a level that the defendant could understand. This was actually the reason the state cited to the July 22nd, which was about six weeks after the actual waiver of counsel. And this happens on the record on page 61. Defendant was then asked, do you know what consecutive sentencing is? And the defendant was able to say, yes he does, which shows the defendant understood the way the trial court explained it. You're looking at 45 years on one, but you've got multiple counts. And he did inform, the judge did inform the defendant of the various minimum and maximum sentences for all the charges. So that's how we believe it's distinguishable from Baer's, because Baer said 30 is the max, he got 33. Here the trial court said you could be looking at life in prison if you're convicted on all of them. And he did, he got less than life in prison. He got 50 years with the consecutive sentencing. As far as the right to counsel, the trial court never used the magic words, you have a right to counsel. But he did explain very thoroughly on the record, pages 45 to 50, everything that the defendant, every consequence the defendant would have if he went pro se, everything that he would be held to the standard of other attorneys. And then the judge again reiterated that he'd be facing life in prison if he failed to represent himself well. And then he was also represented by two public defenders prior to his waiver. So he was aware he had a right to counsel. He had Attorney Copeland in 2014, and then there's a long gap in the record, and then it starts up at 2016, and at that point the defendant had Attorney Delaney. And with Copeland, he waived the formal rating of the indictment. And then with Delaney, he waived his right to jury trial. So he knew that he had a right to counsel. He utilized the counsel for various things. The state's not going to pretend that the trial court did strictly comply with it. That would be a waste of everyone's time. But we believe that because the trial court worked very hard to explain to someone that he perceived not to have a high degree of intelligence, a high school education, he was trying to explain what everything meant. And we believe that then he substantially complied because the waiver was knowing and intelligent, the defendant was aware of the right he was waiving, the right to counsel, and the consequences. And the admonishment did not prejudice him as he was told he was going to face life in prison, and then he got 50 years in prison as a sentence. So the state just asks that you affirm his sentence. Thank you. Thank you. One minor point with the nature of the possession of a stolen vehicle charge being referenced at the May hearing. The court, I believe, referenced the nature of that charge at that hearing, but it did not state the class of the charge or the sentencing range for that charge at that May hearing. So, again, that still would not meet the requirements of Rule 401. But the most important points here are the court's failure to tell Mr. Harris about the imposition of consecutive sentences and the court's failure to tell him about his right to counsel. First of all, for a court to give a blanket statement to a defendant that he could die in prison, for that blanket statement to satisfy the requirements of Rule 401 would lead to absurd results. It would completely defeat the purpose of Rule 401, which is that defendants make a knowing waiver. So that the court told him he might die in prison is not dispositive in any way. Next, the court's statement that he could die in prison if he messed up his defense, it was not made contemporaneously with the court's statement regarding the length of years that Mr. Harris faced. Next, that's not clear that consecutive sentencing could be imposed. We know from the court's recent decision in Buffer that a 40-year sentence imposed on a juvenile is a de facto life sentence. Similarly, a 45-year sentence imposed on the 24-year-old Mr. Harris could also be considered a life sentence. The fact that the court told him that he could die in prison does not mean that the court clearly conveyed what Rule 401 requires, that he could get consecutive sentences. So the lengthiest term that the court clearly warned him about was 45 years, and he got in excess of that amount when he got a total of 50 years. So the state's arguments there are clearly contradicted by the Rule 401 itself and by the purpose behind that rule. Next, the words right to counsel are not magic words. That is not some term of art that the court needs to just touch on briefly to meet the requirement here. These are very important words, and the court failed to tell Mr. Harris that he had a right to counsel. The state's reference to them as magic words is a little disturbing. Also, being told that you are going to be held to the same standard as an attorney is not the same thing as being told you have a right to counsel. This is a very distinct thing. The court never made that clear to Mr. Harris in this record. Let's see. I'm trying to see if there were any more points. Did Your Honors have any questions? No questions. This is a straightforward textbook violation on Rule 401. This is a very clear case, and again, I would point Your Honors to page 3 of the state's brief where it concedes the major points that the court did not tell him about consecutive sentencing and that the court did not tell him about his right to counsel before he waived that right. Thank you, Your Honors. Thank you.